IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 14, 2015 Session

## ROBERT T. HUGHES ET AL. v. HENRY COUNTY MEDICAL CENTER D/B/A LAKE HAVEN BEHAVIORAL CENTER

**Appeal from the Circuit Court for Henry County**
**No. 3672     Donald E. Parish, Judge**

---

**No. W2014-01973-COA-R3-CV – Filed June 9, 2015**

---

This is a healthcare liability action, arising from alleged injuries to Appellant, Melba Hughes. Mrs. Hughes' husband, Robert Hughes, filed this action against Appellee, Henry County Medical Center ("HCMC"), and Dr. Donald Gold, who is not a party to this appeal. Appellees moved to dismiss the action for failure to comply with the notice requirement of Tennessee Code Annotated Section 29-26-121. Specifically, Appellee challenged whether the medical authorization provided with the pre-suit notice letter was compliant with Tennessee Code Annotated 29-26-121(a)(2)(E). An error in the medical authorization form provided to HCMC did not permit HCMC to obtain medical records from Dr. Gold. However, Dr. Gold saw the patient only at HCMC, and he had no records independent of the hospital's records. Following a hearing on the motion, the trial court dismissed the action without prejudice. Mr. and Mrs. Hughes timely filed their appeal. We reverse and remand the matter to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the trial court is Reversed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Tamara L. Hill and T. Robert Hill, Jackson, Tennessee, for the appellants, Robert T. Hughes and Melba Hughes.

Chris Tardio, Joshua R. Adkins, Nashville, Tennessee, for the appellee, Henry County Medical Center d/b/a Lake Haven Behavioral Center.

## OPINION

### I.       Factual History and Procedure

On November 26, 2013, Appellants Robert and Melba Hughes filed a healthcare liability complaint in the Henry County Circuit Court against Appellee Henry County Medical Center ("HCMC") and Dr. Donald Gold. The factual allegations in the complaint concern the care and treatment Melba Hughes received at HCMC from February 18, 2013 to March 4, 2013. However, those facts are not pertinent to this appeal. HCMC and Dr. Gold both filed motions seeking dismissal of the lawsuit for failure to comply with Tennessee Code Annotated section 29-26-121.

HCMC and Dr. Gold both asserted, among other things, that the complaint failed to conform to the statute because the notice did not include a HIPAA-compliant medical authorization. Specifically, the medical authorization did not permit each health care provider to obtain the complete medical records of the other provider receiving notice. Appellants admitted that, due to a clerical error, the authorization submitted to HCMC did not allow HCMC to obtain Dr. Gold's records. Instead, the authorization only allowed HCMC to use its own records. The Appellants argue that this was not a substantive deficiency because Dr. Gold only saw Mrs. Hughes at HCMC and had no records independent of HCMC's records. Additionally, HCMC argued that its subsidiary, Lake Haven Behavioral Center, was entitled to the protections of the Tennessee Governmental Tort Liability Act.

On February 20, 2014, the trial court issued an order dismissing the complaint without prejudice. The trial court found that "the medical authorization provided by [Appellants] did not allow each provider who is now a defendant to obtain and view the records of the other providers. This obviously defeats the purpose of the notice statute." The court also found that the complaint violated Section 29-26-121(b) in that it did not include a copy of the medical authorization that was served on HCMC. Concerning the application of the GTLA, the trial court initially announced from the bench that Appellants would be allowed (90) ninety days to conduct limited discovery on this issue and that it would reserve a ruling until discovery was completed. However, in its order, the trial court states that "in view of the rulings of the [c]ourt which have dismissed this case, the issue regarding the application of the GTLA is now moot."[1]

On March 12, 2014, Appellants filed a motion asking the trial court to reconsider its dismissal of the case. During the hearing, counsel for HCMC conceded that Dr. Gold had no records, and there was no actual prejudice in view of this fact. However, HCMC argued that the court did not need to reach the question of prejudice where there was substantial non-compliance with the requirement for a HIPAA authorization. In its order, entered August 22, 2014, the trial court found that the lack of actual prejudice to HCMC

---

[1] Our holding herein does not preclude the trial court from reviewing the issue of the applicability of the GTLA upon remand.

was not determinative. Ultimately, the trial court concluded that Appellants "failed to substantially comply with the presuit notice requirement of T.C.A. §29-26-121(a)(2)(E) in that the [Appellants] admittedly did not provide a medical information release authorization which allowed each defendant to receive the records of the other medical providers."

## I. Issues

Mr. and Mrs. Hughes appeal. They raise the following issues as presented in their brief:

1. Whether the trial court erred in dismissing Appellants' complaint for failure to authorize Defendants to obtain non-existent records.

2. Whether the trial court erred in requiring strict rather than substantial compliance with Section 29-26-121.

3. Whether the trial court erred in refusing to consider HCMC's admission that it was not prejudiced.

4. Whether the trial court erred in finding that the release provided to Defendants did not comply with Section 29-26-121.

## II. Standard of Review

HCMC properly filed a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 is to file a Tennessee Rule of [Civil] Procedure 12.02 motion to dismiss."). The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

> The question of whether [plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings.

3

*Myers,* 382 S.W.3d at 307-08 (citing ***Starr v. Hill****,* 353 S.W.3d 478, 481-82 (Tenn. 2011)). This court reviews a "trial court's decision to excuse compliance under an abuse of discretion standard." ***Id.*** at 308. "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" ***Eldridge v. Eldridge****,* 42 S.W.3d 82, 85 (Tenn. 2001) (quoting ***State v. Shirley****,* 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. ***White v. Vanderbilt Univ.****,* 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

## III. Analysis

Tennessee Code Annotated section 29-26-121 provides, in pertinent part:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant . . . .
>
> (2) The notice shall include:
>
> \* \* \* \*
>
> (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121. Citing ***Stevens v. Hickman Cmty. Health Care Servs., Inc.****,* 418 S.W.3d 547, 556 (Tenn. 2013), in its February 20, 2014 order, the trial court held that the Appellants must substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E) unless the failure to do so is excused by extraordinary cause.

HCMC argues that the trial court did not need to analyze prejudice because the Appellants "plainly and entirely failed to substantially comply with the express requirements of Tenn. Code Ann. §29-26-121(a)(2)(E)." However, in ***Stevens***, our Supreme Court states that, "[i]n determining whether a plaintiff has substantially complied with a statutory requirement, a reviewing court should consider the extent and significance of the plaintiff's errors and omissions **and** whether the defendant was prejudiced by the plaintiff's noncompliance. Not every non-compliant HIPAA medical authorization will result in prejudice." ***Stevens***, 418 S.W.3d at 556 (emphasis added). "The touchstone of this analysis is whether a party's procedural error resulted in actual

prejudice to an opposing party." *Id.* at 555. In this regard, HCMC's argument is incorrect.

Appellants argue that the trial court erred by refusing to consider the fact that the mistake contained in the medical authorization did not cause any harm or prejudice to HCMC because there were no records to obtain from Dr. Gold. HCMC counters that the trial court correctly applied *Stevens* by weighing the nature and extent of Appellants' noncompliance against the lack of prejudice to Appellees, rather than deeming the lack of prejudice as the determinative issue. In its August 22, 2014 order, the trial court states:

> This Court relied upon the decision in *Myers* and *Stevens* as the basis for the dismissal of the [Appellant's] lawsuit here. This Court determined that the plaintiffs had failed to substantially comply with the pre-suit notice requirement of T.C.A. §29-26-121(a)(2)(E) in that the plaintiff's admittedly did not provide a medical information release authorization which allowed each defendant to receive the records of the other medical providers. The Court then found this to be a substantive deficiency.

The order goes on to state that "Dr. Gold saw the patient only at Henry County Medical Center and had no records independent of that facility." The court further noted that "HCMC has consistently agreed that there was no prejudice to it arising from [Appellant's] non-compliance." Despite these findings, the trial court fails to consider the question of prejudice, but rather relies solely on its finding that Appellants did not substantially comply with the HIPAA medical authorization.[2]

HCMC argues that the plain language of Tennessee Code Annotated section 29-26-121(a)(2)(E) requires the medical authorization to allow defendants to obtain "complete medical records" from each of the other providers receiving notice. In this case, however, it is undisputed that Dr. Gold had no medical records. As such, a release for Dr. Gold's records would have no effect on HCMC's ability to obtain Mrs. Hughes' "complete medical records." As discussed in *Stevens*:

---

[2] We note the trial court's reliance on the recent Tennessee Supreme Court case, *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 513 (Tenn. 2014). *Thurmond*, however, is clearly distinguishable from the instant case. The dispute in *Thurmond* did not involve a failure to provide pre-suit notice, nor an allegation that the notice provided was deficient. Instead, *Thurmond* addressed the question of what evidence is required to establish proof of service of the pre-suit notice. Consequently, the *Thurmond* case is not relevant to the issues raised in this appeal.

> Tennessee Code Annotated § 29-26-121(a)(2)(E) serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records. Because HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form, it is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records. *See* 45 C.F.R. § 164.508(a)(1) ("a covered entity may not use or disclose protected health information without an authorization that is valid under this section").

*Stevens*, 418 at 555. In this case, HCMC was able to obtain all of the Appellants' relevant medical records, and evaluate the merits of the claim despite Appellants' technical failure to include Dr. Gold's records in its release. The Tennessee Supreme Court has long recognized that "[d]ismissals based on procedural grounds ... run counter to the judicial system's general objective of disposing of cases on the merits." ***Henry v. Goins,*** 104 S.W.3d 475, 481 (Tenn. 2003); *see also* ***Tenn. Dep't of Human Servs. v. Barbee,*** 689 S.W.2d 863, 866 (Tenn. 1985) ("[T]he interests of justice are best served by a trial on the merits...." (internal citations omitted)). The Tennessee Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure also reflect a general policy in favor of the resolution of disputes on the merits. *See* Tenn. R. App. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding *on its merits*." (emphasis added)); ***Jones,*** 193 at 572 ("The Tennessee Rules of Civil Procedure are intended to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." (internal citations omitted)).

This Court has recently issued several opinions in which substantial noncompliance with section 29-26-121(a)(E)(2) resulted in the dismissal of a healthcare liability claim. *See* ***Roberts v. Prill***, No. E2013-02202-COA-R3-CV, 2014 WL 2921930, *5 (Tenn. Ct. App. June 26, 2014)("[T]he form only permitted the use or disclosure of the medical records by plainitf's counsel."); ***Hawkins v. Martin***, No. W2013-02102-COA-R3-CV, 2014 WL 2854256, *1 (Tenn. Ct. App. June 23, 2014)(finding that the pre-lawsuit notice did "not include medical authorization forms that complied with HIPAA, so as to permit the defendants to obtain relevant medical records."); ***Johnson v. Parkwest Medical Center***, No. E2013-01228-COA-R3-CV, 2014 WL 3765702, *7 (Tenn. Ct. App. July 31, 2014), *perm. app. denied* (Tenn. Dec. 17, 2014)("Without an appropriate HIPAA-compliant medical authorization, Parkwest could not appropriately utilize those records to mount a defense, even if the records were already in Parkwest's possession.");

***Harmon v. Shore***, No. M2014-01339-COA-R3-CV, slip op. at 3 (Tenn. Ct. App. April 23, 2015)("Although Appellants mailed a HIPAA medical authorization to the Appellees, the authorization only released [the patient's] medical records to her own lawyer.") In all of these cases resulting in dismissals, the defendants were prejudiced by the fact that they were unable to obtain the patient's medical records due to some flaw in the medical authorization.

However, in ***Hamilton v. Abercrombie Radiological Consultants, Inc.***, E2014-003433-COA-R3-CV, 2014 WL 7117802 (Tenn. Ct. App. December 15, 2014), *perm. app. denied* (May 15, 2015), the date line on the medical release was intentionally left blank for the medical provider to fill in so that the release form would not "become stale." ***Id***. at *1. In that case, there was no evidence to support a finding that the defendants were prejudiced and unable to obtain the necessary medical records. ***Id***. at *5. Consequently, this Court held that the relatively minor shortcoming in the HIPAA release was not fatal to the appellant's cause of action. ***Id***. at *7. Likewise, in the case of ***Chambers ex rel. Chambers v. County***, No. E2013-01064-COA-R10-CV, 2014 WL 1266101 (Tenn. Ct. App. Mar. 28, 2014), the sole issue on appeal was whether dismissal was warranted because the plaintiff failed to file, with the complaint, an affidavit of the party mailing the pre-suit notice. In affirming the trial court's denial of the motion to dismiss, we held that "a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)." ***Id***. at *7. Specifically, we held that:

> We cannot conclude that the legislature intended that each and every technical, but not material, deviation from the language of the statute could only be excused or corrected by a showing of extraordinary cause. Dismissal of a meritorious complaint even where the defendant had actual notice and allowing a defendant to participate in discovery and negotiations while waiting to raise technical objections is not consistent with the purposes of the statutory requirements for filing medical malpractice lawsuits.

***Id***. As in ***Chambers***, HCMC's argument that the Appellants' case should be dismissed elevates form over substance. The aim of Tenn. Code Ann. § 29-26-121 is to ensure that prospective defendants receive adequate and timely notice of possible claims against them. Here, HCMC received adequate and timely notice of the lawsuit and had a medical release form that authorized it to use all of the relevant medical records. As discussed in ***Chambers***:

> If we were to accept the defendants' argument at face value, we would be forced to conclude that any deviation from the

7

strict letter of Tenn. Code Ann. § 29-26-121, no matter how small, would compel the courts to dismiss any medical malpractice claim asserted, no matter how meritorious. This would negate the strong preference of our law to resolve claims on their merits whenever possible.

*Chambers*, 2014 WL 1266101 at \*6; *accord* **Haley v. State**, No. E2012-02484-COA-R3-CV, 2013 WL 5431998 at \*10-11 (Tenn. Ct. App. Sept. 25, 2013). HCMC admittedly suffered no prejudice as a result of the medical authorization provided by Appellants. Furthermore, HCMC does not deny that they received timely pre-suit notice containing all of the items required by the statute. The purpose of the statute and the essence of the thing to be accomplished, i.e., pre-suit notice to the defendant, have both been satisfied in this case. *See* **Myers**, 382 S.W.3d at 309 ("The essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed."). Moreover, the goal of section 29-26-121(a)(2)(E) is to provide the means necessary to "evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." Here, that goal was clearly satisfied because HCMC was authorized to use all of the patient's relevant medical records. **Stevens**, 418 at 555.

## IV.    Conclusion

For the foregoing reasons, we reverse the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assesed against the Appellee, Henry County Medical Center d/b/a Lake Haven Behavioral Center, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE