# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 16, 2016 Session

## SCOTT B. PEATROSS, AS ADMINISTRATOR AD LITEM OF THE ESTATE OF DORA BIRK[1] v. GRACELAND NURSING CENTER, LLC, ET AL.

### Appeal from the Circuit Court for Shelby County
### No. CT-002349-12      D'Army Bailey, Judge

---

### No. W2015-01412-COA-R3-CV – Filed September 20, 2016

---

This is a health care liability action.[2]  The plaintiff filed suit against the defendants concerning the inadequate care and treatment received by the decedent.  He then amended his complaint to add the defendant hospital as a party after the defendants alleged comparative fault.  The defendant hospital moved to dismiss, arguing that the failure to attach a certificate of good faith applicable to it required dismissal.  The trial court granted the motion to dismiss, citing this court's opinion in *Sirbaugh v. Vanderbilt University*, 469 S.W.3d 46 (Tenn. Ct. App. 2014).  The plaintiff appeals.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

Peter B. Gee, Jr., Memphis, Tennessee, and Brian G. Brooks, Greenbriar, Arkansas, for the appellant, Scott B. Peatross, as administrator ad litem of the estate of Dora Birk.

---

[1] Dora Birk was referred to variously throughout the record as either "Doris" or "Dora."  Her proper name appears to be "Dora."  We will adhere to the name "Dora" for consistency purposes.

[2] Tennessee Code Annotated section 29-26-101 now defines most cases occurring in a medical context as "health care liability actions."  The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based."  *See* Acts 2011, ch. 510, § 8.  Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code.  *See* Acts 2012, ch. 798.  The provisions of the revised statute apply to this action.

Craig C. Conley and Quinn N. Carlson, Memphis, Tennessee, for the appellee, Methodist Healthcare Memphis Hospitals d/b/a Memphis Hospital.

**OPINION**

## I.     BACKGROUND

Dora Birk ("Decedent") was admitted to Graceland Nursing Center, LLC ("Graceland") on January 28, 2011. Graceland and Provident Resources Group, Inc. ("Provident") (collectively "the Graceland Defendants") were engaged in a joint venture during Decedent's residency at the nursing center. On June 13, 2011, Decedent was transferred to Methodist Healthcare Memphis Hospitals d/b/a Methodist Hospital ("Methodist") for treatment. Decedent died the next week.

Scott B. Peatross ("Plaintiff"), as the administrator ad litem of Decedent's estate, filed a complaint with an attached certificate of good faith against the Graceland Defendants, who asserted comparative fault against Methodist. As provided by Tennessee Code Annotated section 29-26-122(b),[3] the Graceland Defendants were required to file a certificate of good faith establishing a good faith basis for alleging fault against Methodist within 30 days of filing their answer. Plaintiff waived this requirement pursuant to section 29-26-122(c)[4] and amended his complaint to add Methodist as a party. He attached the original certificate of good faith to the amended complaint.

Methodist moved to dismiss, arguing that the failure to attach a certificate of good faith specifically applicable to it required dismissal. The trial court initially denied the motion, citing an unpublished opinion designated as not for citation. Methodist's requests for reconsideration and an interlocutory appeal were denied. Methodist also sought an extraordinary appeal but voluntarily dismissed the appeal before the Supreme Court issued a ruling. Thereafter, Methodist filed a second motion to dismiss in the trial court following the release of this court's decision in *Sirbaugh*. The trial court granted the motion to dismiss, and this appeal followed.

---

[3] "Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by § 29-26-115, each defendant or defendant's counsel shall file a certificate of good faith[.]"

[4] "The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section."

## II.    ISSUE

We consolidate the issues raised by the parties into the following single and dispositive issue:   Whether the trial court erred in dismissing the claim pursuant to Tennessee Code Annotated section 29-26-122(a) and this court's decision in *Sirbaugh*.

## III.    STANDARD OF REVIEW

The Tennessee Supreme Court has held that the proper way to challenge a plaintiff's compliance with the health care liability requirements is through a Tennessee Rule of Civil Procedure Rule 12.02(6) motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012).  "Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so." *Id.*  The plaintiff argued at trial and now on appeal that he complied with the statutes.

Statutory construction is a question of law that we review de novo without any presumption of correctness.  *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). As noted by our Supreme Court in *Myers*:

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent.  To that end, we start with an examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

382 S.W.3d at 308 (citations omitted).  Where statutory language or a statute's meaning is ambiguous, we review the overall statutory scheme, the legislative history, and other sources.  In construing multiple statutes, our goal is to choose the most reasonable construction "which avoids statutory conflict and provides harmonious operation of the laws." *Thurmond v. Mid–Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 517 (Tenn. 2014) (internal quotation marks omitted).

## IV.    DISCUSSION

As pertinent to this appeal, Tennessee Code Annotated section 29-26-122 provides as follows:

(a)     In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.  If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.  The certificate of good faith shall state that:

>   (1)     The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>>   A.     Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>>
>>   B.     Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
>
>   (2)     The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>>   A.     Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>>
>>   B.     Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115.  Refusal of the defendant to release the medical records

in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

(b)     Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by § 29-26-115, each defendant or defendant's counsel shall file a certificate of good faith[.]

(c)     The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section. If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

In *Sirbaugh*, this court held that a plaintiff who amends a complaint to add a defendant may not rely upon the certificate of good faith filed with the initial complaint but must file a certificate specifically applicable to the new defendant. 469 S.W.3d at 53. This court reasoned that the original certificate was predicated on an expert's belief that there was a good faith basis to maintain a cause of action against the original defendant, not the new defendant. *Id.* Plaintiff argues that this court's decision in *Sirbaugh* conflicts with the Supreme Court's decision in *Banks v. Elks Pride of Tennessee*, 301 S.W.3d 214 (Tenn. 2010).

In *Banks*, the Court considered the application of the doctrine of joint and several liability to circumstances in which separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury. 301 S.W.3d at 214. The Court ultimately held that the doctrine is inapplicable and that a defendant should be permitted to amend his or her answer to assert a claim of comparative fault against a third defendant. *Id.* at 220-27. In so holding, the Court assuaged the plaintiff's concern that

allowing such amendments placed an increased burden upon plaintiffs, who would be forced to either amend their complaint to add the new defendant or risk the loss of full recovery, by stating as follows:

> [Section 29-26-122(b)] requires defendants who assert a comparative fault affirmative defense against a physician or other healthcare provider that will require the introduction of expert testimony in accordance with [section 29-26-115] to file a certificate of good faith within thirty days after filing their answer. There is no similar statutory obligation imposed on plaintiffs who amend their complaint pursuant to [section 20-1-119] after the original defendant has asserted a comparative fault defense involving a nonparty physician or other healthcare provider.

*Id.* at 225 n. 14.

Plaintiff argues that *Sirbaugh* was incorrectly decided in light of the *Banks* decision and the plain language of the statute. He claims that adding such a requirement would render section 29-26-122(c) superfluous because a plaintiff would gain nothing by waiving the requirement of filing a certificate of good faith. Methodist agrees that a plaintiff may waive the original defendant's requirement of filing a certificate but asserts that the statute does not provide the plaintiff with the power to waive its own compliance. Methodist argues that *Sirbaugh*, an opinion directly addressing the issue, controls.

While we agree that the language in *Banks* appears on point, it must be considered in context. The holding of the case concerned whether a *defendant* may amend his or her answer to add a claim of comparative fault, not whether a *plaintiff* who amends a complaint to add a defendant may rely upon the certificate of good faith filed with the initial complaint. Accordingly, we agree with the trial court that the holding in *Sirbaugh*, a published opinion in which the plaintiff's permission to appeal was denied by the Supreme Court, controls the outcome of this case. We hold that Plaintiff's failure to file a certificate of good faith applicable to Methodist, when no certificate of good faith has been filed by the defendant, mandates dismissal of the claim.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Scott B. Peatross, as administrator ad litem of the estate of Dora Birk.

_____
JOHN W. McCLARTY, JUDGE

- 6 -