# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 5, 2014 Session[1]


## RICHARD THURMOND v. MID-CUMBERLAND INFECTIOUS DISEASE CONSULTANTS, PLC ET AL.


**Appeal by permission from the Court of Appeals, Middle Section**
**Circuit Court for Montgomery County**
**No. MCCCCVMA12-0053     Ross H. Hicks, Judge**

———————————————

**No. M2012-02270-SC-R11-CV - Filed April 24, 2014**

———————————————


Sixty days prior to filing his complaint, the plaintiff in this health care liability action sent written notice of his potential claim to each of the health care providers that would be named as defendants. Tenn. Code Ann. § 29-26-121(a)(1) (2012 & Supp. 2013). The plaintiff served the pre-suit notice by certified mail, return receipt requested, as permitted by statute. Id. § 29-26-121(a)(3)(B). In his subsequent complaint, the plaintiff alleged that he had complied with the statutory requirement of pre-suit notice, id. § 29-26-121(b), but the plaintiff failed to file with the complaint "an affidavit of the party mailing the [pre-suit] notice establishing that the specified notice was timely mailed by certified mail, return receipt requested," id. § 29-26-121(a)(4). The defendants moved for dismissal of the lawsuit, citing the plaintiff's failure to file with the complaint an affidavit of the person who had sent the pre-suit notice by certified mail. The defendants did not allege that the lack of the affidavit resulted in prejudice. Instead, the defendants contended that the pre-suit notice statute demands strict compliance with all its requirements and that dismissal is the mandatory remedy for noncompliance. The trial court "reluctantly" agreed with the defendants and dismissed the complaint. The Court of Appeals affirmed but noted the "harsh results" strict compliance produces in cases, such as this one, where no prejudice is alleged. We granted the plaintiff's application for permission to appeal. We hold that the statutory requirement of an affidavit of the person who sent pre-suit notice by certified mail may be satisfied by substantial compliance. We also hold that the plaintiff substantially complied with the statute. Accordingly, the judgment of the Court of Appeals affirming the trial court's

———————————————

[1] Oral argument in this case was heard at the Belmont University College of Law in Nashville, Tennessee.

dismissal of the complaint is reversed; the complaint is reinstated; and this matter is remanded to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Complaint Reinstated; Case Remanded**

CORNELIA A. CLARK, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and JANICE M. HOLDER, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Henry S. Queener, Nashville, Tennessee, for the appellant, Richard Thurmond.

Suzanne M. Pearson, Dan L. Nolan, and Erik Fuqua, Clarksville, Tennessee, for the appellees, Mid-Cumberland Infectious Disease Consultants, PLC, and Simi Vincent, M.D.

W. Bryan Smith, Memphis, Tennessee, for the amicus curiae, Tennessee Association for Justice.

**OPINION**

**I. Factual and Procedural Background**

Prior to and continuing through October 11, 2010, Richard Thurmond ("Plaintiff") received medical treatment for recurrent urinary tract infections from Dr. Simi Vincent. Dr. Vincent conducted his practice through Mid–Cumberland Infectious Disease Consultants, PLC (collectively "Defendants"). On January 5, 2012, Plaintiff filed a health care liability action[2] against Defendants, alleging that Dr. Vincent negligently failed to administer appropriate antibiotics and that Dr. Vincent's negligence caused Plaintiff's condition to worsen and to result in permanent injuries.

Paragraph eighteen of Plaintiff's complaint stated as follows regarding compliance with the pre-suit notice requirement applicable to health care liability actions:

> [Plaintiff], through counsel, ha[s] complied with the provisions of T.C.A. § 29-26-121(a) which require[] that any person asserting a potential claim for

---

[2] In 2012, Tennessee statutes were amended to replace the term "medical malpractice" with the term "health care liability." Rajvongs v. Wright, M2011-01889-SC-S09-CV, 2013 WL 6504425, at *1 n.1 (Tenn. Dec. 12, 2013) (citing the public acts). We will therefore use the term "health care liability" throughout this opinion.

[health care liability] shall give written notice of such potential claim to each health care provider against whom such potential claim is being made at least sixty (60) days before the filing of a Complaint based upon [health care liability]. On XXXXXX, notice was given to [Defendants] by sending it to them in accordance with T.C.A. § 29-26-121(a). A disc containing the documentation showing this compliance is attached as Exhibit A.

Plaintiff's complaint thus failed to state the precise date pre-suit notice was sent, and Plaintiff inadvertently failed to attach Exhibit A to his complaint; however, five days later, on January 17, 2012, Plaintiff filed Exhibit A along with a notice of its filing.[3] Exhibit A contained images of the pre-suit notice provided to Defendants, a certificate of mailing stamped with the date Plaintiff's counsel sent Defendants pre-suit notice by certified mail, and return receipt cards containing the signature of the person who accepted service of pre-suit notice for Defendants.

On February 3, 2012, Defendants moved for thirty additional days to respond to Plaintiff's complaint. Defendants supported this request with an affidavit of counsel, which stated that Defendants had not completed their review or investigation of Plaintiff's claim. Plaintiff's counsel did not oppose the extension, and on February 10, 2012, the trial court filed an agreed order granting Defendants until March 14, 2012, to file their answer.

On that date, March 14, 2012, Defendants filed an answer, denying negligence and seeking dismissal of the complaint for failure to state a claim, citing Tennessee Rule of Civil Procedure 12.02(6). As relevant to this appeal, Defendants claimed that Plaintiff's failure to file with the complaint an affidavit "setting out the proof of service of the statutory [pre-suit] notice" amounted to non-compliance with Tennessee Code Annotated section 29-26-121(a)(3) (2012 & Supp. 2013),[4] which mandated dismissal of the action. Defendants pointed out that: (1) the complaint did not include the date pre-suit notice was sent; (2) the disc referred to in the complaint as Exhibit A was not actually filed with the complaint; and (3) the disc filed five days after the complaint did not contain an affidavit of the person who sent pre-suit notice. Defendants asserted that Plaintiff's failure to comply with the pre-suit notice requirement required dismissal and also meant that Plaintiff's suit was not timely filed, as he

---

[3] In the notice of filing, Plaintiff identified the disc as "Exhibit 1" to his complaint; however, for clarity, and consistent with Plaintiff's complaint, we refer to the disc herein as Exhibit A.

[4] Tennessee Code Annotated section 29-26-121 (2012 & Supp. 2013) has been amended since litigation in this matter was initiated. However, the pertinent subsections of the statute— 29-26-121(a)(1)-(2), (a)(3)(B), (a)(4), (b), and (c)—are unchanged. Therefore, we reference the most recent version of the statute.

-3-

was not entitled to the 120-day extension of the statute of limitations applicable when pre-suit notice is properly given.

Two days later, Defendants moved for summary judgment, again arguing that Plaintiff's failure to file an affidavit with the complaint required dismissal of the action. In support of this motion, Defendants filed a printed version of the contents of Exhibit A, along with an affidavit of the Clerk of the Circuit Court for Montgomery County attesting that Plaintiff had not filed an affidavit of any kind in the trial court.

About three weeks later, on April 5, 2012, Plaintiff's attorney filed an affidavit "verifying notice to healthcare providers," in which Plaintiff's counsel stated that he had "mailed by certified mail, return receipt requested, written notice of [P]laintiff's claim" to Defendants on October 4, 2011, and that, as required by statute, the written notice included the names and addresses of all healthcare providers to whom notice was being sent and "HIPPA compliant medical authorizations permitting the potential defendants to obtain complete medical records from each other provider being sent notice." See Tenn. Code Ann. § 29-26-121(a)(2).

In response to Defendants' motions to dismiss and summary judgment, Plaintiff argued that the pre-suit notice statute does not require the filing of an affidavit with the complaint. Additionally, on April 24, 2012, Plaintiff filed a motion to amend his complaint, seeking to correct various typographical errors and also to add a new paragraph which would state: "On April 5, 2012, [P]laintiff's attorney filed an affidavit confirming that pre-suit written notice of [P]laintiff's claims was given to each defendant. A copy of the affidavit is attached to his first amended complaint as Exhibit C." The trial court scheduled a hearing on all motions for July 20, 2012.

The record on appeal does not include a transcript of the July 20 hearing; however, by an order entered August 2, 2012, the trial court "reluctantly" determined that it was required to dismiss Plaintiff's lawsuit. The trial court interpreted Tennessee Code Annotated section 29-26-121 as requiring Plaintiff to file an affidavit of the person who sent pre-suit notice along with his complaint. The trial court also found "no basis" for concluding that extraordinary cause excused "Plaintiff's failure to comply with the statute." In its August 2, 2012 order, the trial court concluded that the "lawsuit should be dismissed" and directed counsel for Defendants to "prepare an appropriate order."

Four days later, on August 6, 2012, the trial court granted Plaintiff's motion to amend his complaint, despite defense objections to the motion. Subsequently, on September 13, 2012, the trial court entered its final order, reaffirming its interpretation of the statute as requiring the filing of an affidavit with the complaint and its conclusion that Plaintiff's

April 5, 2012 affidavit failed to remedy his initial noncompliance with the statute. The trial court further explained that Plaintiff's noncompliance could only be excused upon a showing of extraordinary cause, which Plaintiff had failed to make. Accordingly, the trial court granted Defendants' motion for summary judgment and dismissed Plaintiff's lawsuit.[5] The trial court did not address in any manner the effect of its order granting Plaintiff's motion to amend the complaint.

Plaintiff appealed, and the Court of Appeals affirmed the dismissal. Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC, No. M2012-02270-COA-R3-CV, 2013 WL 1798960, at *2 (Tenn. Ct. App. Apr. 25, 2013). The Court of Appeals agreed with the trial court's interpretation of the pre-suit notice statute as requiring a plaintiff to file an affidavit of the person who sent pre-suit notice along with the complaint and with the trial court's conclusion that, unless excused for extraordinary cause, noncompliance with the statute requires dismissal. Id. at *3. The Court of Appeals additionally held that the health care liability statutes "do not authorize a claimant to cure deficiencies by filing an amended complaint." Id. (internal quotation marks omitted). The Court of Appeals was "cognizant of the harsh result reached in this case, where no one claims the notices were not sent or that

_____

[5] After the trial court granted Defendants' motion for summary judgment and dismissed the lawsuit, this Court held that "[t]he proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss." Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 307 (Tenn. 2012). We explained that

> [i]n the motion the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

Id. Defendants filed both a motion to dismiss pursuant to Rule 12.02(6) and a motion for summary judgment. In resolving Defendants' motions, the trial court did not in any important way deviate from the process we approved in Myers. Thus, the form of Defendants' motions and the trial court's handling of them are not pertinent to this appeal.

any prejudice to [Defendants] existed" but was "convinced the statute require[d] this result." Id. at *3 n.2.

We granted Plaintiff's application for permission to appeal.

## II. Standard of Review

Defendants were successful in obtaining dismissal of Plaintiff's lawsuit in the trial court. We therefore review the trial court's dismissal of the complaint de novo with no presumption of correctness. Myers, 382 S.W.3d at 307; Leach v. Taylor, 124 S.W.3d 87, 90 (Tenn. 2004). The issue of statutory construction presented in this appeal is a question of law, which is also subject to de novo review, with no presumption of correctness afforded the lower court decisions. Baker v. State, 417 S.W.3d 428, 433 (Tenn. 2013).

When construing statutes, we are guided by familiar rules. First and foremost is the principle that this Court's primary duty is to ascertain and effectuate legislative intent without broadening a statute beyond its intended scope. Baker, 417 S.W.3d at 433. In fulfilling this duty, we construe statutes in a reasonable manner "which avoids statutory conflict and provides for harmonious operation of the laws." Id. (internal quotations omitted). Our analysis always begins with the words the General Assembly has used in the statute. Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 526 (Tenn. 2010). If the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage, without a forced interpretation. Baker, 417 S.W.3d at 433. Where statutory language is ambiguous, we consider the overall statutory scheme, the legislative history, and other sources. Mills v. Fulmarque, Inc., 360 S.W.3d 362, 368 (Tenn. 2012).

## III. Analysis

Having recited these rules, we begin with the text of the health care liability pre-suit notice statute, which states:

> Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1). The pre-suit notice "shall include:"

(A) The full name and date of birth of the patient whose treatment is at issue;
(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
(C) The name and address of the attorney sending the notice, if applicable;
(D) A list of the name[s] and address[es] of all providers being sent a notice; and
(E) A HIPPA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Id. § 29-26-121(a)(2)(A)-(E). When pre-suit notice is given "to a provider as provided in this section, the applicable statutes of limitation and repose shall be extended for a period of one hundred and twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Id. § 29-26-121(c).

This appeal does not involve an allegation that Plaintiff failed to provide pre-suit notice as required by section 29-26-121(a)(1) or that the content of the notice provided was deficient in some manner or failed to include one of the items enumerated in section 29-26-121(a)(2). The dispute here centers on the separate portion of the statute describing the proof that will be deemed sufficient to establish that the requirement of service of pre-suit notice was accomplished in a timely manner. Service of pre-suit notice may be effectuated either by personal delivery or by mail. Id. § 29-26-121(a)(3), (c). Here, Plaintiff served pre-suit notice by mail, so we will focus on the statutory provisions regarding service by mail, which provide in relevant part as follows:

(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, *one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:*

. . . .

(B) Mailing of the notice:
(i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be

mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient; or

(ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient.

(4) *Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit.* It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

Id. § 29-26-121(a)(3)-(4) (emphasis added).[6]  Another portion of the statute states that, if a complaint is filed alleging a health care liability claim,

the *pleadings* shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Id. § 29-26-121(b) (emphasis added).

Defendants argue that dismissal of Plaintiff's complaint should be affirmed because: (1) the language of subsections 29-26-121(a)(3)(B) and (a)(4) plainly require the filing of an affidavit "with the complaint"; (2) this statutory requirement must be strictly enforced and

---

[6] We note that the portion of the statute describing when service by mail will be effective, Tennessee Code Annotated section 29-26-121(c), mistakenly refers to subsection 29-26-121(a)(2)(B), rather than to subsection 29-26-121(a)(3)(B).

noncompliance may be excused only when a plaintiff establishes extraordinary cause; and (3) Plaintiff failed either to comply strictly with the statute or to establish extraordinary cause for his noncompliance. Plaintiff, in contrast, argues that: (1) section 29-26-121(a) does not mandate filing the affidavit with the complaint; (2) the April 5, 2012 affidavit Plaintiff's counsel filed satisfied the statutory requirement; and (3) subsection 29-26-121(a)(4) does not require dismissal with prejudice for a plaintiff's failure to file an affidavit with the complaint.

Although we have not previously addressed the portions of the statute at issue in this appeal, since the trial court dismissed Plaintiff's lawsuit, we have rendered five decisions construing other portions of the health care liability pre-suit notice statute. See Cannon v. Reddy, M2012-01332-SC-S10-CV, 2014 WL 309358, at *1, *4 (Tenn. Jan. 29, 2014); Rajvongs v. Wright, M2011-01889-SC-S09-CV, 2013 WL 6504425, at *1, *5 (Tenn. Dec. 12, 2013); Stevens v. Hickman Comm. Health Care Serv., 418 S.W.3d 547, 555 (Tenn. 2013); Cunningham v. Williamson Cnty. Hosp. Dist., 405 S.W.3d 41, 42, 46 (Tenn. 2013); Myers, 382 S.W.3d at 307, 309. Moreover, our four most recent decisions were released after the Court of Appeals' decision in this case. Two of these prior decisions—Myers and Stevens—provide the principles that guide our resolution of the issue in this appeal; thus, a brief review of these decisions is appropriate.

In Myers, we declared that the "essence" of the pre-suit notice statute is to notify potential defendants "of a [health care liability] claim before suit is filed." 382 S.W.3d at 309 (stating that section 29-26-121(a) is "to give prospective defendants notice of a forthcoming lawsuit"). Thus, we concluded that the section 29-26-121(a) requirement of pre-suit notice is "fundamental," "mandatory," and "not subject to satisfaction by substantial compliance." Id. at 309, 310. Because no pre-suit notice of any kind had been given or even attempted in Myers, we did not decide whether the statutory "requirements as to the content of the notice . . . may be satisfied by substantial compliance." Id. at 311.

We answered that question in Stevens, where the plaintiff attempted to comply with the pre-suit notice requirement but failed to provide a "HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." 418 S.W.3d at 552 (quoting Tenn. Code Ann. § 29-26-121(a)(2)(E)). We explained that the pre-suit notice content requirements of Tennessee Code Annotated section 29-26-121(a)(2)(A)-(E) serve distinct but related purposes. Id. at 554.[7] We held that where strict compliance with "a particular statutory

_____

[7] For example, we explained that the information required by subsections 29-26-121(a)(2)(A)-(C) facilitates early resolution of potential claims by notifying potential defendants of a potential plaintiff's identity and contact information as well as the identity and contact information for the potential plaintiff's

(continued...)

provision is essential to avoid prejudicing an opposing litigant," then the statutory provision will be deemed mandatory and strict compliance required. Id. at 555. After considering the purposes served by the HIPPA-compliant medical authorization, we concluded that a plaintiff cannot satisfy this content requirement *merely* by providing potential defendants with actual notice of a potential claim. Id. However, we stopped short of interpreting the statute as demanding strict compliance. Id. Rather, we held that "[n]on-substantive errors and omissions" and "[a] plaintiff's less-than-perfect compliance" with [subsection] 29-26-121(a)(2)(E) will "not derail a healthcare liability claim" so long as the medical authorization provided is "sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." Id. Thus, we held that "a plaintiff must substantially comply, rather than strictly comply, with the requirement[] of [subsection] 29-26-121(a)(2)(E)." Id.

Myers and Stevens thus instruct that: (1) providing potential defendants pre-suit notice of health care liability claims is the "essence" and "fundamental" purpose of the pre-suit notice requirement, Myers, 382 S.W.3d at 309; and (2) unless strict compliance with a notice content requirement "is essential to avoid prejudicing an opposing litigant," substantial compliance with a content requirement will suffice, Stevens, 418 S.W.3d at 555.

With these guiding principles in mind, we return to the present appeal. Here, it is undisputed that Plaintiff sent Defendants pre-suit notice by certified mail at least sixty days before filing his complaint. The "fundamental" and essential purpose of the pre-suit notice statute was thus satisfied. It is also undisputed that the content of Plaintiff's pre-suit notice complied in all respects with Tennessee Code Annotated section 29-26-121(a)(2). Thus, unlike Stevens, Plaintiff timely provided Defendants with exactly the information needed to evaluate the merits of his claim and facilitate early resolution of it. Stevens, 418 S.W.3d at 554. Plaintiff complied with the statutory pre-suit notice requirements. What Plaintiff did not do was file "with the complaint," Tenn. Code Ann. § 29-26-121(a)(3), "an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested," id. § 29-26-121(a)(4). This omission, Defendants assert, constituted noncompliance with the pre-suit notice statute, which requires dismissal of the lawsuit. Defendants agree that Plaintiff complied with the pre-suit notice provisions, and make no claim of prejudice resulting from Plaintiff's omission of the affidavit, but Defendants still argue that dismissal is required because Plaintiff has failed to comply strictly with the statute or establish extraordinary cause excusing noncompliance.

---

[7](...continued)
attorney. Stevens, 418 S.W.3d at 554. Similarly, the information required by subsections 29-26-121(a)(2)(D)-(E) enables potential defendants to evaluate the merits of a potential plaintiff's claim and to gauge the comparative fault of other potential defendants receiving notice. Id.

We agree with Defendants that the plain statutory language directed Plaintiff to file "with the complaint," id. § 29-26-121(a)(3), "an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested," id. § 29-26-121(a)(4). However, as this Court recognized in Myers, the essence and fundamental purpose of the statute is providing notice of a potential health care liability claim before a lawsuit is filed. 382 S.W.3d at 309. While the statute states that the requirement of timely service of pre-suit notice will be deemed satisfied if a plaintiff files an affidavit and other documents with the complaint, conspicuously absent from the statute is any language indicating that the failure to file the affidavit, and other specified documents, with the complaint renders timely service of pre-suit notice ineffective. Cf. Fair v. Cochran, 418 S.W.3d 542, 545 (Tenn. 2013) (refusing to hold that the prompt return of proof of service of process is necessary to render commencement of a lawsuit effective to toll the statute of limitations because Tennessee Rule of Appellate Procedure 3 contained no language to that effect). Indeed, the affidavit functions as confirmation that pre-suit notice was timely *served* on potential defendants in a manner authorized by statute. Cf. Presley v. Bennett, 860 S.W.2d 857, 860 (Tenn. 1993) ("Statutory provisions relating to the mode or time of doing an act to which the statute applies are ordinarily held to be directory rather than mandatory."). As this case clearly illustrates, where pre-suit notice *was* timely served, insisting upon strict compliance with the statute requiring the filing of an affidavit "with the complaint," Tenn. Code Ann. § 29-26-121(a)(3), is not "essential to avoid prejudicing an opposing litigant." Stevens, 418 S.W.3d at 555. As already stated, Defendants have not made any claim of prejudice resulting from Plaintiff's failure to file the affidavit with the complaint. Thus, substantial compliance with the statutory affidavit requirement will suffice. See Stevens, 418 S.W.3d at 555.

Furthermore, the record in this case sufficiently establishes that Plaintiff substantially complied with the statutory affidavit requirement. Here, Plaintiff's complaint included a paragraph, as required by section 29-26-121(b), stating that he had complied with the statutory pre-suit notice requirement, although Plaintiff's complaint did not include the exact date notice was sent. Furthermore, while Plaintiff failed to file Exhibit A with the complaint, he filed it five days later. Exhibit A contained images of: (1) the pre-suit notice sent to Defendants; (2) "a certificate of mailing from the United States postal service stamped with the date of mailing," Tenn. Code Ann. § 29-26-121(a)(4), which listed counsel for Plaintiff as the sender; and (3) copies of the certified mail return receipts containing the signature of the person who accepted service of the pre-suit notice for Defendants.[8] Additionally, Plaintiff filed an affidavit on April 5, 2012, "verifying notice to healthcare providers," in

---

[8] "It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective." Tenn. Code Ann. § 29-26-121(a)(4). We need not address this portion of the statute since the return receipts here were signed.

which Plaintiff's counsel stated that he had "mailed by certified mail, return receipt requested, written notice of [P]laintiff's claim" to Defendants on October 4, 2011, and that, as required by statute, the written notice included the names and addresses of all healthcare providers to whom notice was being sent and "HIPPA compliant medical authorizations permitting the potential defendants to obtain complete medical records from each other provider being sent notice." See Tenn. Code Ann. § 29-26-121(a)(2). The April 5, 2012 affidavit thus functioned to confirm generally the specific information Defendants received via Exhibit A only five days after the complaint was filed. In effect, the affidavit merely summarized and duplicated information already conveyed to Defendants by the contents of Exhibit A. Thus, the undisputed facts in the record, including the filing of the affidavit on April 5, 2012, establish that Plaintiff substantially complied with the affidavit filing requirement of Tennessee Code Annotated subsections 29-26-121(a)(3)(B) and (a)(4).[9]

## IV. Conclusion

We conclude that substantial compliance is sufficient to satisfy Tennessee Code Annotated subsections 29-26-121(a)(3)(B) and (a)(4), which direct a plaintiff in a health care liability action to file "with the complaint" an affidavit of the person who sent the pre-suit notice by certified mail. We further conclude that the undisputed facts establish that Plaintiff substantially complied with this statutory affidavit requirement. Accordingly, we reverse the judgment of the Court of Appeals affirming the trial court's dismissal of Plaintiff's complaint, reinstate Plaintiff's complaint, and remand this matter to the trial court for further proceedings. Costs of this appeal are taxed to Defendants, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE

---

[9] Having concluded that Plaintiff substantially complied with the statute, we need not and do not consider Defendants' argument that noncompliance may be excused only upon a showing of extraordinary cause or Plaintiff's assertion that any noncompliance was cured by the trial court's order allowing him to amend his complaint.