# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 12, 2016 Session

## TREVOR TRAVIS v. COOKEVILLE REGIONAL MEDICAL CENTER, ET AL.

**Appeal from the Circuit Court for Putnam County**
**No. 2015CV156     Amy V. Hollars, Judge**
_____

**No. M2015-01989-COA-R3-CV Filed September 21, 2016**
_____

In this health care liability case, the defendants moved to dismiss the complaint on the grounds that the plaintiff failed to comply with Tenn. Code Ann. § 29-26-121, part of Tennessee's Health Care Liability Act.  Specifically, the defendants argue that the plaintiff failed to provide a statement in the pleadings that he complied with Tenn. Code Ann. § 29-26-121(a), failed to file, with the complaint, documentation demonstrating compliance with Tenn. Code Ann. § 29-26-121(a), failed to file, with the complaint, an affidavit of the person who mailed pre-suit notice to the defendants, and failed to provide a HIPAA compliant medical authorization form.  The trial court dismissed the case.  We have reviewed the record and find that the plaintiff failed to substantially comply with Tenn. Code Ann. § 29-26-121(b).  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and W. NEAL MCBRAYER, J., joined.

James Richard Wiggington and John Terence Tennyson, Nashville, Tennessee, for the appellant, Trevor Travis.

Michael A. Geracioti and Linda Nathenson, Nashville, Tennessee, for the appellee, Brian Samuel, M.D. and Convenient Care Clinic.

Cynthia A. Wilson, Cookeville, Tennessee, for the appellee Cookeville Regional Medical Center.

Daniel H. Rader, III, Cookeville, Tennessee, for the appellee, Keith Hill, M.D.

James H. London, Andrew R. Tillman, and Jeremey R. Goolsby, Knoxville, Tennessee, for the appellee, Pierce Alexander.

Phillip North and Renee Levay Stewart, Nashville, Tennessee, for the appellee, Frank Perry, M.D.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY[1]

This is a health care liability action[2] arising from the medical treatment of Trevor Travis at Cookeville Regional Medical Center ("CRMC") and at the Convenient Care Clinic ("CCC") in Cookeville, Tennessee. On February 24, 2014, Mr. Travis was admitted to the CRMC with flu-like symptoms and a 104-degree fever. He was screened for sepsis by the attending physician, Dr. Keith Hill, and was discharged after Dr. Hill diagnosed him with a viral infection and myalgia. Two days later, Mr. Travis returned to the CRMC emergency room and was diagnosed with sepsis by Dr. Tatiana Chestnut. Dr. Chestnut released Mr. Travis to Dr. Pierce Alexander in the critical care unit, who diagnosed him with acute renal failure and ordered emergency surgery to treat sepsis. Thereafter, Mr. Travis's medical chart was "confused" with the chart of another patient who had a history of drug abuse. Due to this charting error, Mr. Travis was treated as a methamphetamine addict and was improperly medicated following surgery.

Mr. Travis was released from the CRMC on March 4, and on or about March 6, 2014, he was seen by CRMC hospitalist, Dr. Frank Perry. Relying on the medical records which misidentified Mr. Travis as a drug addict, Dr. Perry "admonished" Mr. Travis about his drug addiction in front of Mr. Travis's family members. Between March 10 and March 20, Mr. Travis visited the CCC and was denied treatment by Dr. Brian Samuel because, due to the erroneous medical records, Dr. Samuel thought Mr. Travis was shopping for drugs. On March 20, 2014, Dr. Alexander "released" a letter to Mr. Travis acknowledging that "there was confusion with regard to his medical record number" and apologized for "any emotional or insurance issues this may have caused."

On February 20, 2015, Mr. Travis's attorney sent letters providing pre-suit notice to Dr. Alexander, Dr. Hill, Dr. Perry, CRMC, CCC, and Dr. Samuel notifying them that he was "asserting a potential claim for medical malpractice . . . no sooner than sixty days

---

[1] The facts presented herein are taken from allegations in the complaint filed by Mr. Travis. Because this case requires us to review the trial court's grant of a Tenn. R. Civ. P. 12.02(6) motion to dismiss, we must, for purposes of this appeal, presume that the allegations contained in the complaint are true. *See Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

[2] In 2012, the term "health care liability" replaced the term "medical malpractice" in the Tennessee Code. *Rajvongs v. Wright*, 432 S.W.3d 808, 809 n.1 (Tenn. 2013).

from the issuance of this notice." On June 24, 2015, Mr. Travis filed a "Complaint for Medical Malpractice, Slander and Intentional Infliction of Emotional Distress" against the CRMC, Dr. Hill, Dr. Perry, Dr. Alexander, the CCC, and Dr. Samuel. The complaint included seven separate causes of action: 1) "negligent diagnosis" against CRMC and Dr. Hill; 2) "negligence in confusing Mr. Travis's medical records" against CRMC, Dr. Alexander, and Dr. Perry; 3) "negligence in treating Mr. Travis based upon false medical records" against CRMC, Dr. Alexander, Dr. Perry, and Dr. Samuel; 4) "negligence in publicly and repeatedly making accusations against Mr. Travis based upon altered medical charts" against CRMC, Dr. Alexander, Dr. Perry, and Dr. Samuel; 5) "negligence in failing to identify and correct false information in Mr. Travis's medical records" against CRMC, Dr. Alexander, and Dr. Perry; 6) libel against CRMC staff, Dr. Perry, Dr. Alexander, and Dr. Samuel; and 7) intentional infliction of emotional distress against Dr. Perry, Dr. Alexander, Dr. Samuel, and CRMC staff. Attached to his complaint was a certificate of good faith.

Beginning with the CRMC on August 3, 2015, each defendant filed a motion to dismiss arguing, *inter alia*, that Mr. Travis failed to comply with the requirements of Tenn. Code Ann. § 29-26-121(b), for failing to state in the pleadings that he complied with Tenn. Code Ann. § 29-26-121(a) and failing to provide documentation specified in § 29-26-121(a)(2). On August 17, 2015, Mr. Travis filed a Motion for Leave to Amend Complaint in an effort to comply with Tenn. Code Ann. § 29-26-121. On August 31, 2015, Mr. Travis filed a supplement to the complaint with several attachments purporting to demonstrate compliance with Tenn. Code Ann. § 29-26-121. Mr. Travis's counsel attached an affidavit which states as follows:

> 1. I personally mailed the pre-suit notice to each named defendant in compliance with the T.C.A. § 29-26-121.
> 2. I mailed each pre-suit notice to the addresses listed on the certificate of mailing from the United States Postal Service.
> 3. I included a HIP[A]A Compliant Authorization form for the Release of Patient Information.
> 4. I mailed said notice by certified mail.
> 5. I received Domestic Return Receipts signed and received [by] each named defendant.

Copies of certified mail receipts for each defendant were attached.[3] Copies of domestic return receipts were attached for each defendant with the exception of Dr. Samuel.[4] Mr.

---

[3] There were two United States Postal Service Certified Mail Receipts for Pierce Alexander (different addresses for each) and one for Mark Pierce. It is unclear from the record how Mark Pierce is involved in the suit.

[4] Copies of a domestic return receipt for Mark Pierce and Jeffrey S. Moore were attached to the supplemental complaint. It is unclear how Mark Pierce or Jeffrey Moore is involved in the suit.

Travis's counsel attached letters dated February 20, 2015 that were mailed to each defendant providing notice, pursuant to Tenn. Code Ann. § 29-26-121(a), that Mr. Travis "planned to assert a potential claim for medical malpractice." The letters went on to state:

> Please find in the envelope with this letter a HIP[A]A authorization permitting the provider receiving this notice to obtain medical records from other providers being sent a notice. Each provider has been given authorization to release medical records to other providers being sent a notice.

Attached to the letters was a document entitled, "HIPAA[5] Compliant Authorization for the Release of Patient Information Pursuant to 45 CFR 164.508." The HIPAA authorizations listed the name of the defendant and the patient's name, date of birth, and social security number; however, the patient signature line was left blank. The CCC, CRMC, Dr. Samuel, and Dr. Pierce filed motions in opposition to Mr. Travis's motion to amend the complaint.

A hearing on the motions was held on September 4, 2015. Mr. Travis argued that he initially sent signed copies of the HIPAA authorization attached to the February 20, 2015 letters, but that he did not retain a copy of those signed HIPAA authorization forms for his records. He asserted that the supplements to his complaint constituted substantial compliance with Tenn. Code Ann. § 29-26-121(a) and (b). On September 25, 2015, the trial court entered an Order on Defendants' Motions to Dismiss and Plaintiff's Motion to Amend Complaint. The court dismissed Mr. Travis's claims of libel and slander with prejudice as being barred by the applicable statute of limitations.[6] With respect to the health care liability claims, the court determined that Mr. Travis failed to substantially comply with Tenn. Code Ann. § 29-26-121. Specifically, the court stated:

> (a) plaintiff failed to state in the Complaint that plaintiff has complied [with] T.C.A. § 29-26-121(a); (b) plaintiff failed to attach to the Complaint items as required by T.C.A. § 29-26-121(b), including the failures to attach a certificate of mailing from the United States Postal Service stamped with the date of mailing, an affidavit of the party mailing the pre-suit notice establishing that the specified pre-suit notice was timely mailed, a copy of the required pre-suit notice letter sent to the defendants and a copy of the required HIPAA compliant medical authorization sent to the defendants[.]

---

[5] HIPAA is an acronym for the Health Insurance Portability and Accountability Act of 1996.

[6] Mr. Travis does not appeal this holding.

. . .
Plaintiff's failures to comply with T.C.A. § 29-26-121 cannot be remediated by amendment.

Mr. Travis appeals, asserting that the trial court erred in dismissing his case.[7]

STANDARD OF REVIEW

The Tennessee Supreme Court has observed:

The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Myers v. AMISUB (SFH), Inc*., 382 S.W.3d 300, 307 (Tenn. 2012). We review the trial court's dismissal of the complaint de novo with no presumption of correctness. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 516 (Tenn. 2014). "In analyzing the legal sufficiency of the complaint, we must presume that all factual allegations in the complaint are true and construe them in favor of the plaintiff." *Foster v. Chiles*, 467 S.W.3d 911, 914 (Tenn. 2015) (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011)).

This appeal also involves statutory construction, which is a question of law we review de novo, with no presumption of correctness. *Thurmond*, 433 S.W.3d at 516-17.

ANALYSIS

We begin our analysis with Tenn. Code Ann. § 29-26-121(a)(1), the health care

---

[7] At oral argument, Mr. Travis conceded that he did not intend to pursue the appeal against Dr. Hill. Therefore, Dr. Hill is no longer a party to the appeal.

liability pre-suit notice statute requiring plaintiffs to give defendants written notice that a health care liability action is forthcoming:

> Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1). "Pre-suit notice is mandatory, and section 29-26-121(a)(1) demands strict compliance." *Arden v. Kozawa*, 466 S.W.3d 758, 762-63 (Tenn. 2015) (citing *Myers*, 382 S.W.3d at 309)).

> The written, pre-suit notice "shall include":
>
> (A) The full name and date of birth of the patient whose treatment is at issue;
>
> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
>
> (C) The name and address of the attorney sending the notice, if applicable;
>
> (D) A list of the name and address of all providers being sent a notice; and
>
> (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a)(2)(A)-(E). The information required by subsections 29-26-121(a)(2)(A)-(C) "facilitate[s] early resolution of healthcare liability claims." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 554 (Tenn. 2013). Subsections (D) and (E) enable potential defendants to evaluate the merits of a potential plaintiff's claim and to gauge the comparative fault of other potential defendants. *Id.* Unlike the pre-suit notice requirement of Tenn. Code Ann. § 29-26-121(a)(1), the content requirements of Tenn. Code Ann. § 29-26-121(a)(2) "are not mandatory, but directory, and can be achieved through substantial compliance." *Arden*, 466 S.W.3d at 763 (citing *Thurmond*, 433 S.W.3d at 520; *Stevens*, 418 S.W.3d at 555).

> Tennessee Code Annotated section 29-26-121(b) requires that:
>
> If a complaint is filed in any court alleging a claim for health care liability, the *pleadings shall state* whether each party has complied with

subsection (a) and *shall provide the documentation* specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121(b) (emphasis added).

Tennessee Code Annotated section 29-26-121(a)(3) describes the proof that is sufficient to establish that the required pre-suit notice was accomplished. If a plaintiff chooses to mail the pre-suit notice to the health care provider, the requirement of pre-suit notice "is deemed satisfied if, within the statutes of limitations and statutes of repose . . . one of the following occurs, *as established by the specified proof of service, which shall be filed with the complaint*:"

> (B) Mailing of the notice:
>
> > (i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient; or
> >
> > (ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient.
>
> (4) *Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit.* It is not necessary that the addressee of the notice sign or return the return

receipt card that accompanies a letter sent by certified mail for service to be effective.

Tenn. Code Ann. § 29-26-121(a)(3)-(4) (emphasis added). Like the content requirements, the affidavit requirement of Tenn. Code Ann. § 29-26-121(a)(4) and the manner and proof of service requirements of the pre-suit notice statute "can be achieved through substantial compliance." *Arden*, 466 S.W.3d at 763 (citing *Thurmond*, 433 S.W.3d at 520; *Stevens*, 418 S.W.3d at 555).

Turning to the case at hand, we must determine whether the procedural shortcomings of Mr. Travis's filings survive the defendants' motions to dismiss. Here, Mr. Travis's complaint was deficient in several respects. Mr. Travis did not include a statement in the body of the complaint or elsewhere in the pleadings[8] that he complied with subsection (a) of Tenn. Code Ann. § 29-26-121 as required by Tenn. Code Ann. § 29-26-121(b). The complaint failed to include documentation demonstrating compliance with Tenn. Code Ann. § 29-26-121(a)(2) as is required by Tenn. Code Ann. § 29-26-121(a)(3). Specifically, Mr. Travis did not attach copies of the pre-suit notice letters he sent to the health care providers listing the information described by Tenn. Code Ann. § 29-26-121(a)(A)-(D), nor did he attach a copy of a HIPAA compliant medical authorization form. Mr. Travis did not include certificates of mailing from the United States Postal Service stamped with the date of mailing as required by Tenn. Code Ann. § 29-26-121(a)(4). Finally, he did not attach an affidavit establishing that the notice was

---

[8] This Court has previously examined the definition of "pleadings," explaining:

The term "pleadings" in the modern context usually refers to the complaint and any answer or response filed by the defendant. As noted in Bryan Garner, A DICTIONARY OF MODERN LEGAL USAGE 667 (2nd ed.1995):

[A] pleading should be distinguished from court paper, which is a broader term. Motions, briefs, and affidavits are court papers, not pleadings. Examples of pleadings are complaints, petitions, counter-claims, and answers. A late 19th-century writer's explanation shows that this usage is time-honored: "Pleadings are the formal allegations of the parties of their respective claims and defenses." Edwin E. Bryant, THE LAW OF PLEADING UNDER THE CODES OF CIVIL PROCEDURE 178 (1899).

*Id.*; accord BLACK'S LAW DICTIONARY (7th ed.1999) (defining "pleading," in relevant part, as "[a] formal document in which a party to a legal proceeding . . . sets forth or responds to allegations, claims, denials, or defenses.").

*Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 591-92 (Tenn. Ct. App. 2013). Mr. Travis's counsel submitted an affidavit verifying that he timely mailed pre-suit notice certified mail, return receipt requested. This affidavit is not a pleading, thus we cannot consider it in determining whether Mr. Travis strictly complied with Tenn. Code Ann. § 29-26-121(b).

timely mailed by certified mail, return receipt requested. *See* Tenn. Code Ann. § 29-26-121(a)(4).

Approximately two months after filing his complaint, following CRMC's motion to dismiss, Mr. Travis attempted to cure these defects by filing supplemental documents. He filed the copies of the pre-suit notice letters he sent to all of the defendants on February 20, 2015. He submitted copies of the certified mail receipts and return receipts, and he included an affidavit verifying that he mailed pre-suit notice in compliance with Tenn. Code Ann. § 29-26-121. Notably absent from these subsequently filed documents was a signed HIPAA form. We will address the procedural defects below.

### A. Dr. Alexander's Pre-Suit Notice

As an initial matter, Dr. Alexander asserts that he never received pre-suit notice. Mr. Travis filed, in his supplemental documents, U.S. Postal Service Certified Mail Receipts that were sent to Dr. Pierce Alexander at two different addresses. Domestic Return Receipts, both signed by "Ed Hopkins," were sent back to confirm the mailings were delivered to the intended addresses. Dr. Alexander does not contend that the letters were mailed to incorrect addresses, and Dr. Alexander has failed to provide any alternate business address or any other address listed on the Tennessee Department of Health website that Mr. Travis should have used.[9] Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), "[i]t is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective." Mr. Travis complied with Tenn. Code Ann. § 29-26-121(a)(3)(B)(i) by sending the pre-suit notice certified mail, return receipt requested, and we have nothing in the record to suggest the addresses he used were incorrect. Therefore, the requirement of pre-suit notice "is deemed satisfied," Tenn. Code Ann. § 29-26-121(a)(3), and Dr. Alexander's argument must fail.

### B. HIPAA Compliant Medical Authorization

Next, we consider the unsigned HIPAA form that Mr. Travis filed with the supplemental documents. We have concluded that this issue is dispositive of the case. In *Stevens*, our Supreme Court discussed the requirement for a HIPAA compliant medical authorization as follows:

---

[9] Along with his motion to dismiss, Dr. Alexander provided an affidavit which states, in relevant part, as follows:

> Prior to the filing of this lawsuit, I do not recall receiving any notice of the plaintiff's potential claims against me, nor do I recall receiving an authorization to obtain any of the Plaintiff's medical records prior to the filing of this lawsuit. As such, I did not investigate any of the Plaintiff's claims before suit was filed.

Tenn. Code Ann. § 29-26-121(a)(2)(E) provides that a plaintiff "shall" include in the pre-suit notice a "HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Federal regulations state that a HIPAA compliant authorization must include the following six elements:

> (i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.
> (ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.
> (iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.
> (iv) A description of each purpose of the requested use or disclosure . . . .
> (v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure . . . .
> (vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

*Stevens*, 418 S.W.3d at 555-56 (quoting 45 C.F.R. § 164.508(c)(1)). Tennessee Code Annotated section 29-26-121(a)(2)(E) "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." *Id.* at 555.

It is undisputed that the unsigned HIPAA form Mr. Travis submitted with his supplemental documents failed to satisfy the sixth compliance requirement mandated by HIPAA. *See* 45 C.F.R. § 164.508(c)(1)(vi). In *Stevens*, our Supreme Court held that, "[n]on-substantive errors and omissions" will not "derail a healthcare liability claim" so long as the medical authorization provided is "sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Stevens*, 418 S.W.3d at 555. The unsigned HIPAA form proffered by Mr. Travis would not "permit[] the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29-26-121(a)(2)(E). However, Mr. Travis contends that the HIPAA form he initially sent to the defendants along with the pre-suit notice was signed. In a sworn affidavit, Mr. Travis's counsel stated that he "included a HIP[A]A Compliant Authorization form for the Release of Patient Information" with the pre-suit notice letters he sent to each defendant. In his argument at the hearing on the motion to

dismiss, he reiterated that the HIPAA forms he sent were signed by Mr. Travis, but he failed to retain a copy of the signed forms for his records and was thus unable to produce the signed forms.[10]   Dr. Samuel and CCC argue in their brief that "[p]re-suit notice provided to Dr. Samuel and the [CCC] by the plaintiff in this case was defective because the medical authorization forms allegedly supplied to them were not signed by Mr. Travis, and were thus not HIPAA compliant."  CRMC asserts that Mr. Travis "remains in non-compliance with [Tenn. Code Ann. § 29-26-121(b)] because he has not filed a HIPAA compliant form . . . ."  We have no proof before us, other than Mr. Travis's counsel's late-filed affidavit and argument that the HIPAA form sent to each defendant was signed.

Mr. Travis's counsel's failure to practice good record keeping has placed us in a predicament that Tenn. Code Ann. § 29-26-121(b) was put in place to avoid.  Tennessee Code Annotated section 29-26-121(b) requires:

> If a complaint is filed in any court alleging a claim for health care liability, the *pleadings shall state* whether each party has complied with subsection (a) and *shall provide the documentation* specified in subdivision (a)(2).   The court may require additional evidence of compliance to determine if the provisions of this section have been met.   The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Subdivision (a)(2)(E) requires the plaintiff to provide a HIPAA compliant authorization form sufficient to enable defendants to obtain and review the plaintiff's relevant medical records.  Mr. Travis has failed to provide documentation demonstrating that he complied with Tenn. Code Ann. § 29-26-121(a)(2)(E).  Moreover, Mr. Travis did not include a statement in the body of the complaint or elsewhere in the pleadings that he complied with subsection (a) of Tenn. Code Ann. § 29-26-121 as required by Tenn. Code Ann. § 29-26-121(b).

Mr. Travis argues that the facts presented here are "substantially similar" to our Supreme Court's opinion in *Thurmond*, 433 S.W.3d at 516.  In *Thurmond*, the plaintiff's complaint stated that counsel had complied with the pre-suit notice provisions of Tenn. Code Ann. § 29-26-121(a); however, plaintiff inadvertently failed to attach to the

---

[10]   Mr. Travis's counsel stated, at the hearing on the motion to dismiss that:

> [The HIPAA releases] that went out were signed.  If you would like additional proof to that, I don't believe that CRMC has made any motion that they did not receive notice and has actually admitted receiving notice.  And if they would – could present their copy of the HIPAA-compliant release form, that would serve to show Your Honor that the release form is in fact signed, as are all of them that were sent out.

complaint a disc containing documentation demonstrating compliance. *Thurmond*, 433 S.W.3d at 514. Five days later, the plaintiff filed a disc containing images of the pre-suit notice, a certificate of mailing stamped with the date plaintiff's counsel sent defendants notice by certified mail, and return receipt cards including the signature of the person who accepted service of pre-suit notice for each defendant. *Id.* The disc did not contain an affidavit of the party mailing the notice establishing that notice was timely mailed. *Id.* at 515, *see* Tenn. Code Ann. § 29-26-121(a)(4). The defendants filed an answer, alleging that the plaintiff's "failure to file with the complaint an affidavit 'setting out the proof of service of the statutory [pre-suit] notice' amounted to non-compliance" with the pre-suit notice statutes and required dismissal of the action. *Id.* at 514-15. Approximately three weeks later, the plaintiff's attorney filed the requisite affidavit. *Id.* at 515.

Our Supreme Court set out to determine whether plaintiff's failure to file, with the complaint, "'an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested'" required dismissal of the complaint. *Id.* at 520 (quoting Tenn. Code Ann. § 29-26-121(a)(4)). The Supreme Court began its analysis by examining *Myers* and *Stevens* and summarized the pertinent principles articulated in both cases:

> (1) providing potential defendants pre-suit notice of health care liability claims is the "essence" and "fundamental" purpose of the pre-suit notice requirement, *Myers*, 382 S.W.3d at 309; and (2) unless strict compliance with a notice content requirement "is essential to avoid prejudicing an opposing litigant," substantial compliance with a content requirement will suffice, *Stevens*, 418 S.W.3d at 555.

*Id.* The Court agreed with the defendants that the plain language of the notice statutes requires that an affidavit be filed with the complaint. *Id.* However, the Court held that the requirement was subject to substantial compliance, rather than strict compliance. *Id.* at 521. The Court ultimately held:

> As this case clearly illustrates, where pre-suit notice *was* timely served, insisting upon strict compliance with the statute requiring the filing of an affidavit "with the complaint," Tenn. Code Ann. § 29-26-121(a)(3), is not "essential to avoid prejudicing an opposing litigant." *Stevens*, 418 S.W.3d at 555. As already stated, Defendants have not made any claim of prejudice resulting from Plaintiff's failure to file the affidavit with the complaint. Thus, substantial compliance with the statutory affidavit requirement will suffice.

*Id.* at 520-2 (emphasis in original).

The facts before us are distinguishable from *Thurmond* in several respects. In *Thurmond*, the plaintiff included a statement in the pleadings that it was in compliance with the pre-suit notice provisions of Tenn. Code Ann. § 29-26-121(a). *Id.* at 514. Mr. Travis's pleadings lack such a statement. In *Thurmond*, five days after filing the complaint, the plaintiff submitted documentation demonstrating it was fully in compliance with the pre-suit notice statute. *Id.* Here, the materials Mr. Travis submitted two months after filing his complaint failed to show he had complied with Tenn. Code Ann. § 29-26-121(a) because the HIPAA form he proffered to the court was unsigned.

As noted above, following a defendant's Tenn. R. Civ. P. 12.02 challenge to a complaint's compliance with Tenn. Code Ann. § 29-26-121, "the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so." *Myers*, 382 S.W.3d at 307. Mr. Travis has not met this burden because he failed to demonstrate that he complied with the requirement that written, pre-suit notice include "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29-26-121(a)(2)(E). Mr. Travis's procedural shortcomings were numerous and his failure to retain a copy of the signed HIPAA authorization form is significant. *See Stevens*, 418 S.W.3d at 556. Therefore, he did not substantially comply with Tenn. Code Ann. § 29-26-121(b), and the trial court did not err in dismissing his case.[11]

### C. Extraordinary Cause

Finally, we consider whether Mr. Travis's failure to comply with Tenn. Code Ann. § 29-26-121(b) should be excused for extraordinary cause. Tennessee Code Annotated section 29-26-121(b) provides that, "a court has discretion to excuse compliance with this section only for extraordinary cause shown." Mr. Travis's counsel has not alleged any extraordinary reason for his failure to provide a medical authorization in compliance with Tenn. Code Ann. § 29-26-121(a)(2)(E). He simply states that he failed to retain a copy of the allegedly signed form. This oversight does not rise to the level of extraordinary cause.

---

[11] Because we have determined that Mr. Travis failed to substantially comply with Tenn. Code Ann. § 29-26-121(b), we need not address CRMC's argument that courts must strictly apply the health care liability statute's provisions when a governmental entity is a defendant.

CONCLUSION

In sum, Mr. Travis failed to substantially comply with the requirements of Tenn. Code Ann. § 29-26-121(b), and his noncompliance was not excused by extraordinary cause. The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, for which execution may issue if necessary.


_____
ANDY D. BENNETT, JUDGE